CAMILLE JOANNE ROSCA
crosca@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019-6142
Telephone:  +1 212 506 5000

Attorneys for Defendant
TWILIO INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, an assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PETER ANDREYEV,<br><br>            Plaintiffs,<br><br>     v.<br><br>TWILIO INC., RICHARD ROES 1-10, fictitious names of unknown individuals and, ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>            Defendants. | Case No. 2:24-cv-04095-SRC-LDW<br><br>**DEFENDANT TWILIO INC.'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF CONSOLIDATED MOTION TO DISMISS** |

Defendant Twilio Inc. ("Twilio") joins in full the consolidated motion to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See Atlas Data Privacy Corporation v. Costar Group, Inc.*, No. 1:24-cv-4105, Dkt. No. 27. Twilio writes separately to clarify that because of the way that its platform works, Daniel's Law does not restrict *Twilio's* speech, but rather restricts the speech of *other* information content providers whose content is published via Twilio's website. The relevant constitutional analysis, however, does not change.

Plaintiffs allege that Twilio's website contains a tool called "Lookup," a Caller ID service that allows a user to "query information on a phone number." Compl. ¶ 38. A Lookup user can type in a phone number, and Twilio will query publicly available telephone directories maintained by telecommunications companies and return the name that those directories associate with that number. The Complaint provides a useful, if low resolution, illustration:



1

*Id.* (reproducing screenshot from https://console.twilio.com/us1/develop/lookup/lookup). A higher resolution image of that same tool is included below:

**Lookup a phone number**

The Lookup API allows you to query information on a phone number so you can make a trusted interaction with your user. Validate and format phone numbers (for free) or request additional data packages (pay per lookup). Learn more

*Phone number

2023392034

**Data packages**

☑ (Default) format information
free

☐ Carrier information
$0.005 / lookup

☑ Caller name information - US only
$0.01 / lookup

[Run Lookup]

**Results**

| Text view | Json view |

**(Default) information**

| Phone number | National format | Country code |
| --- | --- | --- |
| +12023392034 | (202) 339-2034 | US |

**Caller name information**

| Caller name | Caller type |
| --- | --- |
| null | UNDETERMINED |

As those screenshots explain, Lookup functions the same as any other Caller ID tool: It "allows [a user] to query information on a phone number" by ***inputting*** a telephone number and then returning other information (i.e., name and caller type) that telecommunications companies publicly associate with that number. *Id.*; *see also Caller Name*, Twilio Docs, https://www.twilio.com/docs/lookup/v2-api/caller-

2

name; *Getting Started with CCNAM Caller ID*, Twilio Help, https://help.twilio.com/ articles/360051670533-Getting-Started-with-CNAM-Caller-ID (explaining that the "caller name" data that Twilio's Lookup tool displays is "sourced by CNAM [(Caller ID name)]"—"a feature [of] the United States public telephone network," which is maintained in "databases … by telephone companies to store and retrieve … data used for caller ID services").

As a result, Twilio is not itself the publisher or speaker of the information that appears on its website through the Lookup tool. Rather, that information is spoken and published by the telecommunications companies whose databases supply that information. As explained by Section 230 of the Communications Decency Act, 47 U.S.C. § 230, "[n]o provider … of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," *id.* § 230(c)(1). And here, of course, Twilio is a "provider … of an interactive computer service," 47 U.S.C. § 230(c)(1)—i.e., it is the operator of "a website," *Mmubango v. Google, Inc.*, 2013 WL 664231, at *2 (E.D. Pa. 2013)— which displays information from *other* content providers, without any contribution to that content from Twilio itself. Accordingly, under Section 230, Twilio is not itself "the publisher or speaker" of that information. *See Parker v. Google, Inc.*, 242 F. App'x 833, 838 (3d Cir. 2007).

3

That said, although the speech that Plaintiffs attempt to restrict with Daniel's Law is not Twilio's, the analysis for the facial First Amendment challenge brought here is the same. After all, if the statute is facially unconstitutional, then it cannot be applied to ***anyone***. *See McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 253 (3d Cir. 2010). What is more, to the extent that Twilio makes any "'choices about whether, to what extent, and in what manner it will disseminate speech'" by others, those choices—though not themselves speech—still "constitute 'editorial judgments' which are protected by the First Amendment." *Volokh v. James*, 2023 WL 1991435, at *6 (S.D.N.Y. 2023) (quoting *NetChoice, LLC v. Att'y Gen., Fla.*, 34 F.4th 1196, 1210 (11th Cir. 2022)). In other words, even though Twilio itself is not the speaker or publisher of any information at issue here, its presentation of "speech generated by other persons … fall[s] squarely within the core of First Amendment security." *Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Boston, Inc.*, 515 U.S. 557, 570 (1995).

Thus, although Twilio is not itself the speaker or publisher of any information at issue in this case, Plaintiffs' Daniel's Law claims against it must still be dismissed as barred by the First Amendment for all of the same reasons given in the consolidated memorandum in support of Defendants' motion to dismiss.

Respectfully submitted,

Dated: June 14, 2024    By: */s/ Camille Joanne Rosca*
Camille Joanne Rosca
ORRICK, HERRINGTON &
SUTCLIFFE LLP
Attorneys for Defendant
Twilio, Inc.

5

**CERTIFICATE OF SERVICE**

I, Camille Joanne Rosca, hereby certify that on June 14, 2024, I caused the foregoing Supplemental Memorandum of Law in Support of Consolidated Motion to Dismiss to be electronically filed with the Clerk of the Court using the United States District Court for the District of New Jersey's CM/ECF system, which will notify counsel of record of the filing of this document.

By: <u>  */s/ Camille Joanne Rosca*  </u>
    Camille Joanne Rosca